STATE, Respondent, v. RICHARDSON, Appellant.

*No. State 88. Argued February 2, 1972.—Decided March 30, 1972.*
(Also reported in 195 N. W. 2d 593.)

For the appellant there was a brief and oral argument by *George P. Kersten* of Milwaukee.

For the respondent the cause was argued by *Richard J. Boyd,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

PER CURIAM. On September 15, 1969, the defendant-appellant Lovell Richardson was found guilty of armed robbery (sec. 943.32 (1) (b) and (2), Stats.), and was sentenced to an indeterminate term of not more than ten years in the state reformatory at Green Bay. At his arraignment, Richardson orally asked for an extension of time in which to file a notice of alibi (sec. 955.07, Stats. 1967). The extension was granted, a trial date set and bail reduced, but no notice of alibi was ever filed. On the morning of the trial, Richardson claimed to have alibi witnesses but not to know their names although he knew them by sight and again asked for another adjournment to file a notice of alibi and to locate his witnesses. The request was denied. From his judgment of conviction, Richardson appeals.

Richardson claims the notice of alibi statute (sec. 955.07, Stats. 1967, now sec. 971.23, Stats. 1969) is unconstitutional because it denies him a fair trial since the state is not required to disclose witnesses who might be called to rebut the alibi. But the facts raise no such issue because Richardson pleaded no alibi. The only issue the facts could raise is whether the trial court abused its discretion in denying an adjournment so the defendant could find alibi witnesses; but this issue was not raised and we will not consider an alleged issue which has no foundation in the facts.

The judgment of conviction is affirmed.